```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-cv-03062-FCD-GGH |
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION FOR STAY |
| v. | OF FURTHER PROCEEDINGS AND **ORDER** THEREON |
| REAL PROPERTY LOCATED IN NEVADA COUNTY, CALIFORNIA, APN: 61-160-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |
| REAL PROPERTY LOCATED IN NEVADA COUNTY, CALIFORNIA, APN: 61-160-03, INCLUDING ALL APPURTENANCE AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED IN NEVADA COUNTY, CALIFORNIA, ORIGINAL APN: 61-160-04, CURRENTLY KNOWN AS APN: 61-160-22, APN: 61-160-23 and APN: 61-160-24, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and, | |
| REAL PROPERTY LOCATED IN NEVADA COUNTY, CALIFORNIA, APN: 61-160-06, INCLUDING ALL APPURTENANCE AND IMPROVEMENTS THERETO, | |
| Defendants. | |

```
 1  UNITED STATES OF AMERICA,         )    2:09-cv-03063-FCD-GGH
                                      )
 2            Plaintiff,              )
                                      )
 3       v.                           )
                                      )
 4  REAL PROPERTY LOCATED IN NEVADA   )
    COUNTY, CALIFORNIA, APN:          )
 5  61-160-05, INCLUDING ALL          )
    APPURTENANCES AND IMPROVEMENTS    )
 6  THERETO,                          )
                                      )
 7            Defendant.              )
    _____    )
 8  UNITED STATES OF AMERICA,         )    2:09-cv-03085-FCD-GGH
                                      )
 9            Plaintiff,              )
                                      )
10       v.                           )
                                      )
11  REAL PROPERTY LOCATED AT 24271    )
    HOYT CROSSING ROAD, NEVADA COUNTY,)
12  CALIFORNIA, APN: 60-360-15,       )
    INCLUDING ALL APPURTENANCES AND   )
13  IMPROVEMENTS THERETO,             )
                                      )
14            Defendant.              )
    _____    )
```

Pursuant to this Court's Order Requiring Joint Status Report the plaintiff United States of America and claimants Charles M. Hilkey and Joseph Titland ("Claimants") submit the following report.

**(a) Brief summary of the claims and legal theories under which recovery is sought or liability denied:**

Plaintiff has filed a total of four civil <u>in</u> <u>rem</u> forfeiture complaints against real property owned by Charles M. Hilkey. This status report applies only to the first three cases filed: <u>U.S. v. Real Property in Nevada County, APN: 61-160-02, et al.</u>, 2:09-cv-03062 FCD-GGH (referred to hereafter as "Hilkey #2-Sparky/Cherokee"); <u>U.S. v. Real Property in Nevada County, APN:</u>

2

61-160-05, 2:09-cv-03063 FCD-GGH, referred to hereafter as "Hilkey #3-Roth"); and U.S. v. Real Property Located at 24271 Hoyt Crossing Road, in Nevada County, APN: 60-360-15, 2:09-cv-03085 FCD-GGH (referred to hereafter as "Hilkey #4-Lewis).[1] All known potential claimants in these three cases have been served, or reasonable attempts to serve them have been made, and the time for these potential claimants to file a claim, and the time for filing answers, in these cases, has expired.

In addition, publication of the forfeiture on the government's website is not yet complete.  Under Rule G (5)(a)(ii)(B) a person who did not receive direct notice of the forfeiture (e.g. by certified mail or personal service), but who sees the notice of forfeiture on the website, can file a claim as late as 60 days after the first day of publication on the government website.  The first day of publication was January 4, 2010; accordingly, other potential claimants have until March 5, 2010, to file claims in any of the three actions.

The facts are complicated, but the legal theories in all three cases are straightforward:  Plaintiff United States of America contends the Charles M. Hilkey structured the proceeds of

---

[1] The fourth case (U.S. v. Real Property in Nevada County, 61-070-08, et al., hereafter referred to as "Hilkey #1-Cherokee/Callahan) was filed approximately six weeks after the first three cases.  Service on potential claimants is not complete in those cases and publication of the forfeiture action on the government's website (www.forfeiture.gov) is not yet complete.  Once service is complete in Hilkey #1 Cherokee/Callahan, plaintiff and any claimant who appears will file a joint status report within the time frame set forth in the Order Requiring Joint Status Report filed on December 23, 2009.

3

drug trafficking (marijuana) into various bank accounts and then used those funds to purchase the defendant property; and/or used the funds to reduce the principal balance due on a mortgage encumbering the defendant property.  The property is therefore forfeitable to the United States under one or more forfeiture statutes: 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of property involved in a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(B)(i); under 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of property involved in another kind of money laundering transaction in violation of 18 U.S.C. § 1957; 31 U.S.C. § 5317(c)(2) which provides for the forfeiture of property involved in structuring transactions in violation of 31 U.S.C. § 5324 (a)(3); and 21 U.S.C. § 881(a)(6) which provides for the forfeiture of property derived from the proceeds of drug trafficking.

Claimants deny the allegations.  In addition, with respect to the property identified herein as Hilkey #4-Lewis, claimant Joseph Titland alleges that he is an innocent owner of a secured interest in said property within the meaning of 18 U.S.C. § 983(d)(1).  Claimant further asserts that forfeiture of his interest in said property would violate the Eighth Amendment Excessive Fines Clause.

**(b)  Status of service upon all defendants and cross-defendants and claimants:**

All potential claimants to the real property have been served, and the time for filing claims or answers has expired.

//

4

**(c) Possible joinder of additional parties:**

Plaintiff does not anticipate that there will be any additional parties, but it is possible that a person who sees the notice of forfeiture on the government website will file a claim and answer and will therefore become a party.

**(d) Contemplated amendments to the pleadings:**

The parties do not complete amending the pleadings. Claimant Charles M. Hilkey will be filing claims in each of the three cases on or before February 1, 2010. In light of the requested stay (see below) plaintiff does not object if claimant Hilkey defers filing his Answers until the stay is lifted.

Joseph Titland, a claimant in Hilkey #4-Lewis, filed a timely verified claim and answer on December 1, 2009.

**(e) Statutory basis for jurisdiction and venue:**

Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355(a). Venue is based on 28 U.S.C. §§ 1355(b) and 1395, and 21 U.S.C. § 881(j).

**(f) Anticipated discovery and the scheduling of discovery, including:**

**(1) what changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed.R.Civ.P. 26(a)(1)(B)(ii).

In addition, the parties request that a stay of further

5

1  proceedings be entered at this time pending the outcome
2  of a related criminal case now pending against claimant Hilkey.
3  Hilkey is a defendant in <u>U.S. v. Charles M. Hilkey, Jr., Rachelle
4  Sari Garnitz, and Bram Gabriel Lewis</u>, 2:09-cr-00412 FCD now
5  pending in this court.

6      The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and
7  981(g)(2).  As explained above in (a) above, the plaintiff
8  contends that the claimant Hilkey was involved in drug
9  trafficking; structured currency into multiple bank accounts; and
10 used the proceeds to purchase the defendant property and/or used
11 drug proceeds to reduce the principal balance due on a mortgage
12 encumbering many of the parcels.

13     If discovery proceeds at this time, claimant Hilkey will be
14 placed in the difficult position of either invoking his Fifth
15 Amendment right against self-incrimination and losing the ability
16 to pursue his claims to the defendant property, or waiving his
17 Fifth Amendment right and submitting to a deposition and
18 potentially incriminating himself.  If he invokes his Fifth
19 Amendment right, the plaintiff will be deprived of the ability to
20 explore the factual basis for the claims they filed with this
21 court.

22     In addition, claimants intend to depose, among others, the
23 agents involved in this investigation, including but not limited
24 to the agents with the Internal Revenue Service.  Allowing
25 depositions of the law enforcement officers at this time would
26 adversely affect the ability of federal authorities to
27 investigate the underlying criminal conduct.
28

The parties recognize that proceeding with this action at this time has potential adverse affects on the prosecution of the pending criminal case, and/or upon claimants' ability to prove their claim to the property and assert any defenses to forfeiture.  For these reasons, the parties jointly request that this matter be stayed until the related criminal case is over. At that time the parties will advise the court whether a further stay is necessary.

> **(2) the subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases;**

As explained above the parties request a stay of further proceedings.

> **(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

The parties do not request any changes in the discovery limitations imposed by Fed.R.Civ.P. 26(b)(2), 30, or 33.

> **(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

As explained above the parties request a stay of further proceedings, including expert disclosure.

> **(5) Proposed dates for discovery cut-off:**

Not applicable in light of requested stay of further proceedings.

> **(g) Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard:**

Plaintiff intends to seek the defaults of Bram Lewis and Delmy R. Bringuez, two individuals with potential claims in

1  Hilkey #4-Lewis, within the next 30 days.  Other than default
2  motions, the parties agree that no other motions need to be
3  scheduled at this time.

   **(h)  Proposed date for final pretrial conference:**

   Not applicable in light of the requested stay of further proceedings.

   **(i)  Proposed date for trial, estimate of days of trial, and whether any party has demanded a jury:**

   Not applicable in light of the requested stay of further proceedings.

   **(j)  Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

   None.

   **(k)  Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case:**

   None.

   **(l)  Whether the case is related to any other case pending in this district, including the bankruptcy courts of this district:**

   The three cases listed in the caption above are related to U.S. v. Real Property in Nevada County, APN: 61-070-08 et al., 2:09-3542 and to U.S. v. Charles Miller Hilkey, Jr. et al., 2:09-cr-412 FCD.  A Notice of Related Cases has been filed in each of the four civil cases and in the criminal case.

   **(m)  Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge:**

   Prospects for settlement are unknown at this time.

//

    (n)  **Any other matter that may be conducive to the just and expeditious disposition of the case.**

None.

Date: January 12, 2010        BENJAMIN B. WAGNER
                                      United States Attorney

                           By  /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney
                                Attorneys for Plaintiff
                                United States of America

Dated: January 12, 2010       BLACKMON & ASSOCIATES

                           By  /s/ Clyde M. Blackmon
                                (as authorized on 1/12/10)
                                CLYDE M. BLACKMON
                                Attorney for claimant
                                Charles M. Hilkey, Jr.
                                Claimant in all three cases

Dated: January 12, 2010       /s/ Richard J. Troberman
                                      (as authorized on 1/12/10)
                                      RICHARD J. TROBERMAN
                                      Attorney for claimant
                                      Joseph Titland in "Hilkey #4-
                                      Lewis"

**ORDER**

    For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the related criminal case is over.  Within 30 days after all proceedings in U.S. District Court in U.S. v. Hilkey et al., have concluded, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: January 13, 2010

                                      FRANK C. DAMRELL, JR.
                                      UNITED STATES DISTRICT JUDGE