BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09 CV 03063-LKK-GGH |
| Plaintiff, | |
| v. | |
| REAL PROPERTY LOCATED IN NEVADA COUNTY, CALIFORNIA, APN: 61-160-05, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | *AMENDED* FINAL JUDGMENT OF FORFEITURE |
| Defendant. | |

The United States hereby requests this *Amended* Final Judgment of Forfeiture ("AFJF") to amend the Final Judgment of Forfeiture ("FJF") entered on March 8, 2013, because the order did not include the recorded owner, Sparky's Cherokee Estates, LLC, of the real properties.  Sparky's Cherokee Estates, LLC is owned by Charles M. Hilkey, Jr.  Other than the recorded owner changes, which are explained in a footnote below, no other changes have been made to the Court's original Final Judgment of Forfeiture.

  1.   This is a civil forfeiture action against the following real property located in Nevada County, California, APN: 61-160-05, including all appurtenances and improvements thereto (hereafter "defendant real property") and more fully described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED AN UNINCORPORATED AREA, COUNTY OF NEVADA, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Lot 7 Block 3, as shown on the Official Map of Townsite of Cherokee filed in the Office of the County Recorder of the County of Nevada, State of California on December 31, 1874.

APN: 61-160-05

2.  A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on November 3, 2009, alleging that said defendant real properties are subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. § 5317(c)(2) and 21 U.S.C. § 881(a)(6). The recorded owner of the real property is Sparky's Cherokee Estates, LLC. Sparky's Cherokee Estates, LLC is owned by Charles M. Hilkey, Jr.[1]

3.  On November 13, 2009, the defendant real property was posted with a copy of the Complaint and Notice of Complaint.

4.  Beginning on January 23, 2010, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on February 22, 2010.

5.  In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s): Charles M. Hilkey, Jr.

6.  Claimant Charles M. Hilkey, Jr. filed a claim alleging an interest in the defendant real property on January 29, 2010. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

---

[1] The Final Judgment of Forfeiture entered on March 8, 2013 did not include the titled interest of Sparky's Cherokee Estates, LLC, a company solely owned by Charles M. Hilkey Jr. in the defendant property.

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimant Charles M. Hilkey, Jr., as sole owner of Sparky's Cherokee Estates, LLC, and all other potential claimants who have not filed claims in this action.

3. All right, title and interest of Charles M. Hilkey, Jr. as sole owner of Sparky's Cherokee Estates, LLC in the defendant real property shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. § 5317(c)(2) and 21 U.S.C. § 881(a)(6).

4. The Internal Revenue Service (or a designee) shall list the defendant real property for sale.  The Internal Revenue Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real property.

5. The Internal Revenue Service shall have the defendant real property appraised by a licensed appraiser of its choosing.  The Internal Revenue Service and the appraiser may have access to the defendant real property upon 24 hours telephonic notice.

6. If necessary, the Internal Revenue Service, and any real estate broker employed by the Internal Revenue Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

7. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    (a) The costs incurred by the Internal Revenue Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    (b) Any unpaid real property taxes, which shall be prorated as of the date of the entry of the *Amended* Final Judgment of Forfeiture.

1
2
      (c)    A real estate commission not to exceed the Internal Revenue Service contractual brokerage fee.

3
      (d)    The seller shall pay any county transfer taxes.

4
5
6
7
8
9
      (e)    To the United States of America: the net proceeds from the sale of the real property. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), 31 U.S.C. § 5317(c)(2) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

10
11
12
13
    8.    Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on November 10, 2009, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

14
15
    9.    The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

16
17
    10.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

18
19
    11.    Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

20
21
22
23
24
25
26
27
28
    12.    The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

13. Claimant Charles M. Hilkey, Jr. as sole owner of Sparky's Cherokee Estates, LLC, represents that he will not take any action, or cause any other person to take any action, to damage or modify the defendant real property from their present condition or other action that may result in a reduction in value of the defendant real property.

14. Claimant Charles M. Hilkey, Jr. shall remove all personal possessions, and the personal possessions of any former occupant, and leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within 72 hours after the entry of an *Amended* Final Judgment of Forfeiture will be disposed of by the United States without further notice.

15. This settlement is contingent upon the simultaneous execution of the settlement agreements in the following related cases: U.S. v. Real Properties in Nevada County, 2:09-CV-03062 LKK/GGH; U.S. v. Real Property in Nevada County, 2:09-CV-03063 LKK/GGH; U.S. v. Real Property at 24271 Hoyt Crossing Road, 2:09-CV-03085 LKK/GGH; and U.S. v. Approximately $90,830.00 in U.S. Currency, 2:10-CV-00390 LKK/EFB.  Failure to execute the settlement agreement in even a single action will void all settlement agreements.

16. All parties will bear their own costs and attorneys' fees, if any.

17. The U.S. District Court for the Eastern District of California, Hon. Lawrence K. Karlton, District Judge, shall retain jurisdiction to enforce the terms of the Amended Final Judgment of Forfeiture.

SO ORDERED THIS 2nd day of December, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5

*Amended* Final Judgment of Forfeiture